# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 28, 2022

Lyle W. Cayce
Clerk

No. 21-20481

Wendy Mechelle,

*Plaintiff—Appellant*,

*versus*

USA Industries, Incorporated,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-cv-02679

Before Southwick, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:*

Wendy Mechelle worked as a marketing manager for USA Industries ("USAI") for just under eight months. Then USAI fired her. She sued, arguing USAI fired her because she requested a disability accommodation. The district court granted summary judgment to USAI. We affirm.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-20481

I.

USAI hired Wendy Mechelle as a marketing manager on February 13, 2018. Mechelle's supervisors and colleagues soon began expressing concerns about her poor performance. In March 2018, a colleague noted issues with her performance and competency in an internal memo. In the summer of 2018, another colleague told Mechelle's supervisor that she had not learned the marketing department's software programs and that continuing to train her was "a waste of the company's money." On May 22, 2018, Mechelle's supervisor conducted her 90-day performance review, highlighting numerous areas where Mechelle needed to improve and listing her overall rating as "Needs Improvement." On June 12, 2018, her supervisor wrote to senior HR personnel that USAI "probably need[s] to prepare for her resignation or termination asap."

USAI tried to avoid disruption to its business by hiring a replacement for Mechelle before terminating her. In July 2018, it engaged a recruiting firm specializing in marketing candidates to try to find a qualified replacement. It interviewed several candidates over the next three months. Meanwhile, Mechelle's supervisor observed and logged continuing performance issues. These included absences, repeated failure to revise marketing content as requested, poor execution of marketing events, and difficulty communicating with other employees and outside individuals.

USAI eventually decided to terminate Mechelle despite not yet having hired a replacement. It chose the week of October 2, 2018. On Monday, October 2, Mechelle's supervisor wrote to USAI's IT Manager that "Friday [October 5] was going to be the day but looking like it may have to happen today." Mechelle was not fired on October 2. On Tuesday, October 3, Mechelle told her supervisor that she needed to bring her service dog to work and provided a doctor's note stating that doing so would be

No. 21-20481

beneficial for her heart condition. USAI fired Mechelle later that day. Mechelle's supervisor told her that USAI had planned to let her go that week and it didn't make sense to process her accommodation request when her imminent termination would render it moot. USAI paid Mechelle through the end of the week.

Mechelle sued USAI. She alleged that USAI violated the Americans with Disabilities Act ("ADA") and Chapter 21 of the Texas Labor Code by (1) firing her because of her disability; (2) failing to accommodate her disability; and (3) firing her in retaliation for her accommodation request. The parties filed cross-motions for summary judgment.

The district court granted USAI's motion for summary judgment and entered final judgment in favor of USAI. First, the court determined that Mechelle could not establish that USAI fired her because of her disability. That's because "the undisputed evidence shows that the Company decided to terminate the plaintiff, at the latest, on October 2—before she notified the Company of her disability." Second, the court found that USAI did not violate the ADA or Chapter 21 by failing to grant Mechelle's accommodation request, because Mechelle was not a "qualified individual" as required to prevail on a failure-to-accommodate claim. Finally, the court rejected Mechelle's retaliation claim after finding that Mechelle could not meaningfully dispute USAI's showing that her termination was based on poor performance rather than her accommodation request.

Mechelle timely appealed.

## II.

Our review is *de novo*. *EEOC v. LHC Grp., Inc.*, 773 F.3d 688, 694 (5th Cir. 2014). Mechelle makes four arguments on appeal. None has merit.

*First*, Mechelle argues that one of her supervisor's statements on the phone call informing her of her termination constituted direct—rather than circumstantial—evidence of discrimination, and the district court thus erred by applying the burden-shifting framework from *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Direct evidence is evidence that, if believed, proves the fact of discriminatory animus without inference or presumption. *See Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 898 (5th Cir. 2002). Mechelle points to this statement by her supervisor:

> [G]iven that you have requested the accommodation that you did, it just—it really didn't make sense for us to have you go through—there is really a process for that, but it didn't really make sense for me to have you to go through that process with Michael with HR, if we only plan on employing you for two more days.

Mechelle claims that the district court erred by refusing to count this as direct evidence of discrimination.

The district court correctly found that this statement is not direct evidence of discrimination. The supervisor's statement is amenable to at least two competing inferences: (1) that USAI wouldn't process Mechelle's accommodation request because ("given that") her imminent termination would render it moot; or (2) that USAI would refuse to process her accommodation and terminate her because ("given that") she filed the accommodation request. Only the second inference suggests impermissible discrimination. Because a finding of impermissible discrimination here requires an inference or presumption, the district court correctly rejected Mechelle's argument that her supervisor's statement was direct evidence of discrimination.

Moreover, even if a plaintiff proffers direct evidence of discrimination, the employer may rebut it by "establish[ing] . . . that the same

decision would have been made regardless of the forbidden factor." *Etienne v. Spanish Lake Truck & Casino Plaza, LLC*, 778 F.3d 473, 475 (5th Cir. 2015). The district court correctly found that USAI has done so by presenting voluminous unrebutted evidence that it fired Mechelle because of her poor performance.

*Second*, Mechelle argues that USAI's proffered reason for her termination—her poor performance—was pretextual. Mechelle notes that she was "still an employee as of October 2, 2018" and the termination call didn't identify a specific "triggering performance event" in October 2018. This argument fails because undisputed evidence shows USAI decided to terminate Plaintiff by July 2018 and was taking concrete steps to implement the termination by the time it became aware of Mechelle's disability. USAI's poor-performance justification could not have been pretext for a disability-based firing if USAI did not even know of Mechelle's disability until after the termination decision was finalized.

*Third*, Mechelle argues that the district court erred by concluding that she was not a "qualified individual" as required to bring a failure-to-accommodate claim under the ADA. USAI responds that it doesn't matter whether Mechelle was a "qualified individual," because undisputed evidence establishes USAI decided to terminate Mechelle before learning of her alleged disability or need for accommodation. USAI is correct. A failure-to-accommodate claim requires the plaintiff to show that: "(1) the plaintiff is a 'qualified individual with a disability;' (2) the disability and its consequential limitations were 'known' by the covered employer; and (3) the employer failed to make 'reasonable accommodations' for such known limitations." *Neely v PSEG Texas, Ltd. P'ship*, 735 F.3d 242, 247 (5th Cir. 2013). As already discussed, USAI made and largely implemented its termination decision before learning of any disability. Mechelle thus cannot show that USAI failed to accommodate a known disability.

No. 21-20481

*Fourth* and finally, Mechelle contends that the district court erred by quoting *Green v. Medco Health Solutions of Texas, LLC*, 947 F. Supp. 2d 712 (N.D. Tex. 2013), for this proposition:

> In situations where an employee's termination based on a legitimate, nondiscriminatory reason has been made effective but has not yet been processed, courts must not permit the employee to use the ADA as a shield from being fired by suddenly requesting an accommodation before the ink on her valid termination papers is dry.

*Id.* at 728. Mechelle argues *Green* is inapposite because she didn't know of her imminent termination when she made her accommodation request. We need not evaluate the district court's reliance on *Green*, because even if Mechelle is correct, that doesn't change the fact that she hasn't made out a failure-to-accommodate or disability-based termination claim.

\*    \*    \*

The district court's judgment is AFFIRMED.